Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000766
01-FEB-2017
01:33 PM

NO. CAAP-16-0000766

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GABI K. COLLINS, Plaintiff-Appellant, v.
THE ASSOCIATION OF APARTMENT OWNERS OF KEMOO BY THE LAKE;
EKIMOTO & MORRIS, LLLC, Defendants-Appellees,
and JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100;
and DOE CORPORATIONS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2513-09 (VLC))

ORDER
GRANTING DECEMBER 2, 2016 MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendant-Appellee Ekimoto and

Morris, LLLC's (Appellee Ekimoto and Morris), December 2, 2016

motion to dismiss appellate court case number CAAP-16-0000766 for

lack of appellate jurisdiction, (2) Plaintiff-Appellant Gabi Kim

Collins's (Appellant Collins) December 30, 2016 statement of

jurisdiction that, in effect, opposes Appellee Ekimoto and

Morris's December 2, 2016 motion, and (3) the record, it appears

that, in the absence of an appealable final judgment, we lack

& Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On December 20, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000766, which does not contain an appealable final judgment. Absent an

appealable final judgment, we lack appellate jurisdiction, and Appellant Collins's appeal is premature.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), none of the six appealed interlocutory orders satisfies all of the requirements for appealability (including the requirement of appellate standing) for this court to assume appellate jurisdiction over appellate court case number CAAP-16-0000766 under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

We note that only one of the six appealed interlocutory orders satisfies the three requirements for the collateral order doctrine, namely the July 20, 2016 interlocutory "Order Denying Donald Courtney Brown's Motion to Intervene in Civil No. 13-1-2513-09." See, e.g., Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (an order denying a non-party's motion to intervene under HRCP Rule 24 is immediately appealable under the collateral order doctrine). However, that July 20, 2016 interlocutory order aggrieves only the non-party movant whom the circuit court denied intervention, Donald

Courtney Brown, and it does not aggrieve Appellant Collins as the plaintiff in the underlying case:

> Generally, the requirements of standing to appeal are: (1) the person must first have been a party to the action; (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) <u>such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order</u>.

<u>Abaya v. Mantell</u>, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citation, internal quotation marks and original emphasis omitted; new emphasis added). With respect to the third requirement for standing to appeal, "[a]n aggrieved party has been defined by th[e supreme] court in a civil context as one who is affected or prejudiced by the appealable order." <u>State v. Baxley</u>, 102 Hawai'i 130, 134, 73 P.3d 668, 672 (2003) (citations and internal quotation marks omitted). When an appealed order in an underlying case does not aggrieve the appealing party, appearing as an active and named party in the underlying case is not, by itself, sufficient to compensate for the fact that the ruling does not directly aggrieve the appealing party. An aggrieved party is,

> one whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation.

<u>State v. Baxley</u>, 102 Hawai'i at 134, 73 P.3d at 672 (citations, brackets, and some quotation marks omitted).

As the plaintiff in the underlying case, Appellant Collins did not name Donald Courtney Brown as a defendant in her complaint. The proceedings on Appellant Collins's complaint will simply proceed forward without the participation of Donald

5

Courtney Brown in the underlying case, as Appellant Collins apparently intended from the very start of her case. Under the rule cited in <u>Abaya v. Mantell</u> regarding appellate standing, Appellant Collins lacks standing to assert an interlocutory appeal from the July 20, 2016 interlocutory "Order Denying Donald Courtney Brown's Motion to Intervene in Civil No. 13-1-2513-09" under the collateral order doctrine.

Appellant Collins must await the entry of an appealable final judgment on her complaint before she can obtain appellate review of all the other interlocutory orders under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v Szymanski</u>, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Collins's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appellee Ekimoto and Morris's December 2, 2016 motion to dismiss appellate court case number CAAP-16-0000766 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-16-0000766 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000766 are dismissed as moot.

DATED: Honolulu, Hawai'i, February 1, 2017.

Presiding Judge

Associate Judge

Associate Judge